UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ROSALIND SANDERS,**<br><br>Plaintiff,<br><br>v.<br><br>**SHERATON HOTELS & RESORTS, ABC CORP., and JOHN DOE**<br><br>Defendant. | Civ. No. 2:11-5489 (KM)(MCA)<br><br>**OPINION** |

## MCNULTY, U.S.D.J.:

This matter comes before the Court upon the motion of defendant Columbia Properties Newark, LLC[1] ("Columbia Properties") for summary judgment. The motion will be granted because the plaintiff, Rosalind Sanders, has not met her summary judgment burden of coming forward with evidence that her injuries resulted from any breach of a duty of care by Columbia Properties. There is no genuine, material issue of fact and Columbia Properties is entitled to judgment as a matter of law.

Plaintiff alleges that she sustained serious injury as a result of a slip and fall in the shower area of her room when she was staying at a Sheraton hotel. According to Sanders, the hotel had a duty to provide a safe means of using, entering and exiting from the shower, but failed to meet this duty. In short, she argues that Columbia Properties acted negligently by failing to provide her with a handicapped-accessible room. Columbia Properties maintains that it did not act negligently in failing to assign Sanders to a handicapped-accessible room because it had no reason to know that she needed or wanted one. For the

---

[1] During oral argument, held on December 19, 2013, the parties stipulated that Columbia Properties Newark, LLC, was incorrectly identified in Sanders' Complaint as "Sheraton Hotels & Resorts." Accordingly, the proper defendant before this Court is Columbia Properties Newark, LLC and the docket caption shall be amended to reflect that the name of the Defendant is Columbia Properties Newark, LLC.

reasons enumerated above, I will grant the motion of Columbia Properties for summary judgment.

## I. BACKGROUND

Plaintiff Rosalind Sanders commenced this action, No. L-6627-11, in the Superior Court of New Jersey, Law Division, Essex County, on August 11, 2011. Pursuant to 28 U.S.C. § 1441, Defendant Columbia Properties, LLC removed the action to this Court on September 16, 2011. On September 23, 2013, Columbia Properties filed an Answer denying liability and raising several affirmative defenses. All fact and expert discovery is now completed.

The following facts are taken primarily from Sanders' deposition. I credit them as true and draw all reasonable inferences in favor of Sanders for purposes of this motion. That said, most of the facts appear to be undisputed.

The events giving rise to this action occurred on or about August 23, 2009[2] in Guest Room Number 224 of the Sheraton Newark Airport Hotel (the "hotel"), located at 128 Frontage Road in Newark, New Jersey. Sanders alleges that she was staying at the hotel when she slipped and fell in the shower area of the bathroom, suffering an ankle injury. She attributes her accident to the absence of handrails on the wall and/or no-slip strips on the bathroom floor. (At oral argument the focus seemed to be on the handrails.) One (or both) of these accommodations, she alleges, would have been present if she had been assigned a handicapped-accessible room.

Sanders stayed at the hotel when traveling with her sister-in-law, Stephanie Sanders, who was part of a Jehovah's Witnesses tour group. Docket No. 32-4 ("Sanders Deposition Transcript") at 27–28. Sanders made all of her travel arrangements through a travel agent, Ron-Mar Travel. According to Sanders, she contacted the travel agent before the trip and requested a handicapped-accessible room. The agent allegedly assured her that he would request a handicapped-accessible room for her. *Id.* at 33–35. Sanders wanted such a room because she had problems with her back and a previous ankle injury. (These health conditions predated the injuries for which she sues.) *Id.* at 47. She testified that she did not speak directly to anyone at the hotel about

---

[2] Though the Complaint states that the incident occurred on August 22, 2009, Plaintiff admits to Defendant's statement of uncontested material facts that the incident occurred on August 23, 2009. Docket No. 32 at 1; Docket No. 34 at 1. The discrepancy is not significant for the purposes of this motion.

2

getting a handicapped-accessible room; the travel agent was supposed to take care of it. *Id.* at 50:21–24.

Sanders' tour group arrived at the hotel in the evening. Upon check-in, Sanders did not speak to any hotel personnel. Instead, she met the travel agent near the front desk. The agent had obtained room keys for everyone in the tour group, and he distributed Sanders' room key to her. *Id.* at 43–44. There is no testimony that hotel personnel should have recognized Sanders' need for a handicapped-accessible room based on her appearance. For example, she did not use a walker prior to the accident. *Id.* at 95:6–7. After receiving her key, Sanders went to her room and discovered that the room was not handicapped-accessible. She testified that she was tired when she got to her room and decided that, because she would only be there for one night, she would "chance it." *Id.* at 47:3–5. She did not contact the travel agent or the hotel's front desk. She did not request a change of rooms.

The next morning, Sanders took a shower. Before getting into the shower, she was aware that there were no railings along the walls in the shower area. *Id.* at 59:9–12. (There was, however, a railing inside the shower.) Sanders testified that she was "not really" concerned, because she "thought being that it was only going to be one night, that I would get by with it rather than trying to switch to another room." *Id.* at 59–60. Before showering, Sanders put down a bath mat provided by the hotel. She steadied herself by holding the towel rack that was over the toilet, and had no trouble getting into the shower. *Id.* at 63:20–23. After showering, Sanders again grabbed the towel rack and stepped out of the shower, left foot first. She then placed her right foot out of the shower, but her foot missed the bath mat. She slipped and landed on the tile floor. At the time of the fall, she was out of the shower. She testified that her fall was caused by "slippery tiles." The tiles were slippery, she states, because "they had no protective strips like on the tile, like was in the bathtub." *Id.* at 67:10–13. She also testified that she thought the hotel was wrong in not giving her "the handicapped room that I had requested." *Id.* at 106:4–6.

Sanders did not speak to anyone associated with the tour group about the accident. She did not call to complain that she did not receive a handicapped-accessible room. Her first contact of any kind with hotel personnel was after the fall. She filed the present action on August 11, 2011. This Court heard oral argument on the summary judgment motion on December 19, 2013.

## II. DISCUSSION

### A. Summary Judgment Standard

Federal Rule of Civil Procedure 56(a) provides that summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ.P. 56(a); *see also Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 248; *Kreschollek v. S. Stevedoring Co.*, 223 F.3d 202, 204 (3d Cir. 2000). In deciding a motion for summary judgment, a court must construe all facts and inferences in the light most favorable to the nonmoving party. *See Boyle v. County of Allegheny Pennsylvania*, 139 F.3d 386, 393 (3d Cir. 1998) (citing *Peters v. Delaware River Port Auth. of Pa. & N.J.*, 16 F.3d 1346, 1349 (3d Cir. 1994)). The moving party bears the burden of establishing that no genuine issue of material fact remains. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). "[W]ith respect to an issue on which the nonmoving party bears the burden of proof . . . the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325.

Once the moving party has met that threshold burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The opposing party must present actual evidence that creates a genuine issue as to a material fact for trial. *Anderson*, 477 U.S. at 248; *see also* Fed. R. Civ. P. 56(c) (setting forth types of evidence on which nonmoving party must rely to support its assertion that genuine issues of material fact exist). "[U]nsupported allegations . . . and pleadings are insufficient to repel summary judgment." *Schoch v. First Fid. Bancorporation*, 912 F.2d 654, 657 (3d Cir. 1990); *see also Gleason v. Norwest Mortg., Inc.*, 243 F.3d 130, 138 (3d Cir. 2001) ("A nonmoving party has created a genuine issue of material fact if it has provided sufficient evidence to allow a jury to find in its favor at trial."). If the nonmoving party has failed "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. . . . there can be 'no genuine issue of material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Katz v. Aetna Cas. & Sur. Co.*, 972 F.2d 53, 55 (3d Cir. 1992) (quoting *Celotex*, 477 U.S. at 322-23).

B. The Negligence Claim

*1. Applicable legal standards*

Because this matter involves a controversy between citizens of different states and the amount in controversy is alleged to exceed the sum of $75,000,[3] this Court has jurisdiction pursuant to 28 U.S.C. §1332. New Jersey substantive law will apply. *See Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938).

Under New Jersey law, the three elements essential for the existence of a cause of action in negligence are: "(1) a duty of care owed by defendant to plaintiff; (2) a breach of that duty by defendant; and (3) an injury to plaintiff proximately caused by defendant's breach." *Endre v. Arnold*, 300 N.J. Super. 136, 141, 692 A.2d 97, 99 (N.J. Super. Ct. App. Div. 1997). The burden of proving such negligence is on the plaintiff; negligence cannot be presumed. *See Dawson v. Bunker Hill Plaza Associates*, 289 N.J. Super. 309, 322, 673 A.2d 847, 853 (N.J. Super. Ct. App. Div. 1996). Though a plaintiff need not present proof to a certainty, "evidence must be such as to justify an inference of probability as distinguished from the mere possibility of negligence on the defendant's part." *Bratka v. Castles Ice Cream Co.*, 40 N.J. Super. 576, 584, 123 A.2d 793, 797 (N.J. Super. Ct. App. Div. 1956) (citation omitted). Evidence of a fall is not enough to support an inference of negligence. *Simpson v. Duffy*, 19 N.J. Super. 339, 343, 88 A.2d 520, 522 (NJ Super. Ct. App. Div. 1952) ("Proof of a fall alone would not be adequate to create an inference of negligence . . . .") (citations omitted). "It has often been said that there is a presumption against the fact of negligence; the burden of proving negligence is upon the plaintiff and must be sustained by proof of circumstances from which defendant's want of due care is a legitimate inference." *Bratka*, 40 N.J. Super. at 576, 123 A.2d at 797 (citing *Hansen v. Eagle-Picher Lead Co.*, 8 N.J. 133, 139–140, 84 A.2d 281 (1951)).

This Court must apply New Jersey premises liability law to determine the appropriate duty of care owed by a landowner. The common law of premises liability in New Jersey has evolved over the years. At common law, a landowner would owe a visitor a particular level of care depending on whether the visitor was classified as a trespasser, licensee or social guest, or business invitee. *Sussman v. Mermer*, 373 N.J. Super. 501, 504, 862 A.2d 572, 574 (N.J. Super.

---

[3] In a letter dated May 11, 2011, Plaintiff set forth the scope and extent of her injuries, treatment, and special damages and demanded a sum of $300,000. Docket No. 1 (Exhibit B).

5

Ct. App. Div. 2004). A business invitee, such as a hotel guest, was owed a "duty of reasonable care to guard against any dangerous conditions on his or her property that the owner either knows about or should have discovered." *Hopkins v. Fox & Lazo Realtors*, 132 N.J. 426, 434, 625 A.2d 1110, 1113 (N.J. 1993). That standard of care includes a duty "to conduct a reasonable inspection to discover latent dangerous conditions." *Id.* (citations omitted).

Moving away from the tiered premises liability approach, New Jersey common law has moved toward "a broadening application of a general tort obligation to exercise reasonable care against foreseeable harm to others." *Butler v. Acme Markets, Inc.*, 89 N.J. 270, 277, 445 A.2d 1141, 1144 (1982) (citations omitted). The court's task is to "consider all the surrounding circumstances to determine whether it is fair and just to impose upon the landowner a duty of reasonable care commensurate with the risk of harm." *Sussman*, 373 N.J. Super. at 505, 862 A.2d at 575 (citing *Brett v. Great Am. Recreation, Inc.*, 144 *N.J.* 479, 509, 677 A.2d 705 (1996)). "In assessing whether imposition of such a duty would be fair and just, courts weigh and balance the following four factors: (1) the relationship of the parties, (2) the nature of the attendant risk, (3) the opportunity and ability to exercise care, and (4) the public interest in the proposed solution." *Id.* at 505, 575 (citing *Hopkins*, 132 N.J. at 439, 625 A.2d at 1116).

The existence and scope of a duty of care are legal issues to be determined by the court. *Kuehn v. Pub Zone*, 364 N.J. Super. 301, 310, 835 A.2d 692, 697 (N.J. Super. Ct. App. Div. 2003) (citing *Carvalho v. Toll Bros. & Developers*, 143 N.J. 565, 572, 675 A.2d 209, 212 (N.J. 1996), *Kelly v. Gwinnell*, 96 N.J. 538, 552, 476 A.2d 1219, 1226 (N.J. 1984)). A crucial element of this inquiry is foreseeability, which refers to "the knowledge of the risk of injury to be apprehended." *Amentler v. 69 Main St., LLC*, CIV.A. 08-0351 FLW, 2011 WL 1362594, at *4 (D.N.J. Apr. 11, 2011) (quoting *Kuehn*, 364 N.J. Super. at 310, 835 A.2d at 698). While the status of the injured party no longer dictates a landowner's liability, the common law classifications remain helpful in determining the existence and scope of the duty of care. *Amentler*, 2011 WL 1362594, at *5 (citing *Clohesy v. Food Circus Supermarkets, Inc.*, 149 N.J. 496, 502, 694 A.2d 1017, 1020 (1997)).

An "owner or operator of a hotel is under a duty to exercise ordinary care to render the premises reasonably safe for the use of its guests." *Caliendo v. Trump Taj Mahal Assocs.*, CIV.03 5145 JBS, 2006 WL 3694605, at *2 (D.N.J. Dec. 13, 2006) (quoting *Wolfe v. Chateau Renaissance*, 141 N.J. Super. 59, 63,

357 A.2d 282, 284 (N.J. Super. Ct. App. Div. 1976)). "Traditionally, the duty of a motel owner is not to insure the safety of guests but only to exercise reasonable care to discover and correct dangerous conditions." *Ranalli v. Edro Motel Corp.*, 298 N.J. Super. 621, 627, 690 A.2d 137, 140 (N.J. Super. Ct. App. Div. 1997). A guest cannot, however, expect an owner to correct defects of which he is not aware or that cannot be discerned upon reasonable inspection. *Id.* The New Jersey Appellate Court has discussed the duty of care owed by a motel owner to its guests, explaining that

> [a] motel guest reasonably can expect that the owner diligently will inspect the premises for defects and cure any deficiency discovered. But the guest cannot reasonably expect that the owner will correct defects of which he is unaware and that cannot be discerned by a reasonable inspection. This basic element of actual or constructive notice in the area of motel owner liability arising out of the duty to maintain and repair [the] rented premises is ingrained in our law as a necessary prerequisite to a finding of negligence—the failure to exercise reasonable care.

*Mendler v. Aztec Motel Corp.*, CIV. 09-2136 JBS/JS, 2011 WL 6132188, at *5 (D.N.J. Dec. 7, 2011) (quoting *Ranalli*, 298 N.J. Super. at 627, 690 A.2d at 140–41).

### 2. Discussion

Sanders has the burden to demonstrate that Columbia Properties breached a duty of care, resulting in her fall and related injuries. For the reasons enumerated below, I find that Sanders has failed to set forth any evidence that would permit a reasonable jury to find that Columbia Properties breached a duty to her. In fact, she has failed to point to evidence that in any way connects her injuries to negligence on the part of the hotel. Accordingly, in the absence of a dispute of material fact, I find that Columbia Properties is entitled to judgment as a matter of law.

Plaintiff's claim of negligence must first be defined. At oral argument, Plaintiff's counsel confirmed what is apparent from the face of the complaint and subsequent filings: The only issue before this court is whether the hotel was negligent in failing to provide Sanders with a handicapped-accessible room. Plaintiff's counsel conceded[4] that this case is not about a defective or

---

[4] This clarification made at oral argument is further supported by Plaintiff's

7

otherwise ill-maintained bathroom or shower area. In other words, Plaintiff is not claiming that the room was unsafe for a non-handicapped guest. Rather, her claim is based solely upon the fact that Sanders was not assigned to a particular *kind* of room—a handicapped-accessible hotel room—upon her arrival at the hotel.

Counsel's concession appears sound as a matter of common sense; most hotel rooms do not have no-slip strips on the bathroom floor or railings on the bathroom walls, and it seems implausible that their lack would signify a breach of a duty of care. The court's research reveals no New Jersey case law to the effect that the hotel has a *general* duty to outfit its bathrooms with the sort of safety measures described by Plaintiff, and she makes no such claim. Counsel's concession is also appropriate because there is no expert testimony in the record showing that the hotel's bathroom design fell below a prescribed industry standard or custom. *See Giantonnio v. Taccard*, 291 N.J. Super. 31, 43, 676 A.2d 1110, 1115 (N.J. Super. Ct. App. Div. 1996) (citations omitted) (reasoning that certain specialized and technical questions are beyond the purview of the average juror and, thus, require expert testimony to make a conclusion). Sanders' only support for her argument is her statement that she has stayed in hotels that had protective strips on the bathroom floor tiles. Sanders Deposition Transcript at 67–68. That, standing alone, is inadequate.

It is clear then, both from counsel's concession and from the state of the record, that Plaintiff's sole theory of negligence is that the hotel failed to provide her with a handicapped-accessible room. According to Sanders, such a room would have had handrails on the walls of the bathroom (and, presumably, slip-proof protective strips on the bathroom floor). Sanders' claim is that the hotel negligently failed to assign her to a handicapped-accessible room, and that she was injured as a result.

The question arises as to whether there is any evidence that the hotel's room assignment breached any cognizable duty of care. Sanders stated generally that she thought the hotel was wrong to not provide her with the handicapped-accessible room she requested from the travel agent. Sanders Deposition Transcript at 106:2–6. She acknowledges, however, that she did not request such a room from the hotel. In fact, Sanders did not speak or have any contact with any person affiliated with the hotel until after her fall.. She requested the handicapped-access room assignment when making

---

brief filed in opposition to the motion now before the Court in which Sanders explicitly states that "[w]e are not dealing with an alledged [sic] dangerous condition Defendant Columbia Properties Newark LLC should have had notice of." Docket No. 34 at 6.

arrangements through the tour group's travel agent, Ron-Mar Travel, which is not affiliated with the hotel. She received her room key from the travel agent. She acknowledges that the travel agent may have been in part responsible for her accident by failing to relay to the hotel her request for a handicapped-accessible room. She did not, however, "look into" the travel agent's potential liability. *Id.* at 107. Sanders has not deposed any hotel personnel or sought any further information about the travel agent's interaction with the hotel.

Should the hotel nevertheless have known Sanders needed a handicapped-access room and assigned her one? She makes no such claim. She had no interaction whatever with hotel personnel when she checked in through her intermediary, the travel agent. At any rate, there is no evidence that Sanders' physical appearance would have alerted the hotel to her need or desire for such a room. She did not, for example, use a walker at the time, and she did not herself check in at the front desk.[5]

Even after entering her room and realizing that it was not handicapped-accessible, Sanders did not alert the hotel or travel agent, and she did not ask to change rooms. Sanders conceded that she remained in the room without complaint. Instead, because she would only be staying there one night, she decided to "chance it." *Id.* at 47:3–5. And it was with full knowledge that the bathroom was not handicapped-accessible that she decided to take a shower. *See* Docket No. 32-5 ("Sanders' Interrogatories") at 5 and correlating answer. Sanders' first contact with any hotel personnel was after her fall.

At oral argument, Plaintiff's counsel did not really dispute the foregoing facts. Rather, he argued that Plaintiff's remaining in her room without requesting a change posed an issue of contributory negligence for the jury. I disagree. Comparative negligence is often a jury issue, but the issue here is a more fundamental issue of law for the Court. Sanders has failed to come forth with any evidence that Columbia Properties acted negligently *at all*. Without negligence, there can be no issue of comparative or contributory negligence. Plaintiff's fault, or not, for her injuries, is not a material issue. The threshold issue is whether the hotel is at fault, and it is not.

The burden of proving negligence is on the Plaintiff. *See Buckelew v. Grossbard*, 87 N.J. 512, 525, 435 A.2d 1150, 1157 (N.J. 1981) (holding that

---

[5] In any event I would be hesitant to impose a duty on a hotel that would require it to officiously impose a handicapped-access room upon a person who did not seek it, based on the person's appearance. That in itself might be viewed as a form of discrimination, albeit of a more subtle kind.

"ordinarily negligence must be proved and will never be presumed, that indeed there is a presumption against it, and that the burden of proving negligence is on the plaintiff"). I find that the proofs advanced by Sanders fail to meet that burden as a matter of law. Giving Sanders the full benefit of her proofs and all favorable inferences derivable therefrom, she has failed to show a breach of any duty owed to her by Columbia Properties sufficient to raise a jury question of negligence on its part. Sanders has failed to substantiate her negligence claim with "proof of circumstances from which defendant's want of due care is a legitimate inference." *Bratka*, 40 N.J. Super. at 576, 123 A.2d at 797 (citation omitted). Without any showing that, at the very least, the travel agent in fact relayed to the hotel her request for a handicapped-accessible room, it cannot be said that she has put forth sufficient proof to raise an inference of the probability of negligence by Columbia Properties. *See id.*

## CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment is **GRANTED**. An appropriate order will be filed with this opinion.

_____
**KEVIN MCNULTY**
**United States District Judge**